## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) | |
| | ) | |
| | ) | |
| 201 Maryland Avenue, NE | ) | |
| Washington, DC  20002 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Action No. 1:19-cv-2643 |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATIONS | ) | |
| | ) | |
| 935 Pennsylvania Avenue, NW | ) | **COMPLAINT FOR DECLARATORY** |
| Washington, DC 20535 | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Federal Bureau of Investigation ("FBI"), a component of Defendant Department of Justice (DOJ), to issue a determination as to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and is a component of the United States Department of Justice (DOJ), which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7.      Defendant FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535. Defendant is in control and possession of the records sought by Plaintiff.

8.      Defendant FBI has possession, custody and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

9.      On July 25, 2019, Plaintiff issued FOIA requests to the FBI and the DOJ requesting "records pertaining to the Federal Bureau of Investigation's (FBI) former Director, James Comey, and his communications with or about, and/or any records regarding, Anthony Ferrante, Jordan Rae Kelly, and/or Tashina Gauhar"; as well as any records of any communications with and/or files

regarding those individuals within the custody of certain FBI officials including: "General Counsel James Baker; Deputy Director/Acting Director Andrew McCabe; Deputy Assistant Director of Counterintelligence Peter Strzok, McCabe's Deputy Counsel, Lisa Page; and Comey's Chief of Staff, James Rybicki, David Bowdich (Director's Office - DO), Michael Steinbach (Director's Office - DO), Trisha Anderson (OGC), E.W. Bill Priestap (Counterintelligence Division - CD), and Jonathan Moffa (Counterintelligence Division - CD)." *See* Pl.'s FOIA Request attached hereto as Ex., A at 1.

10.     "Pursuant to DOJ FOIA regulation 28 C.F.R. §16.3(b)," Plaintiff set forth a "Background address[ing] 'the date, title or name, author, recipient, subject matter of the record[s]' requested, to the extent known." Pl.'s Ex. A, at 1 (quoting 28 C.F.R. §16.3(b)). Said Background is hereby incorporated as if fully set forth herein.

11.     Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. A, at 3-4.

12.     In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record," including "and information generated, sent, received, reviewed, stored or located on a government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. No. 15-5128, July 5, 2016). *See* Pl.'s Ex. A, at 3.

13.     Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing." *See* Pl.'s Ex. A, at 3.

14.     Plaintiff specified in its FOIA request that "unless otherwise indicated, the timeframe of records requested herein is January 1, 2016, through January 1, 2019." *See* Pl.'s Ex. A, at 3.

15.     In its FOIA request, Plaintiff requested that the FBI support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index. *See* Pl.'s Ex. A, at 4.

16.     In its FOIA request, Plaintiff asserted its entitlement to expedited processing and  a waiver of all associated fees, as explained in a memorandum accompanying each request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees. *See* Pl.'s Ex. A, at 4.

17.     Plaintiff sent its FOIA request to the FBI's FOI/PA Request Record/Information Dissemination Section 170 Marcel Drive, Winchester, VA 22602-4843. *See* Pl.'s Ex. A, at 1.

18.     By letter dated August 2, 2019, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned FOIPA Request No. 1443553-000 to the request.

19.     By separate letter dated August 9, 2019, the FBI denied Plaintiff's request for expedited processing.

20.     No other response has been received from the FBI.

21.     The FBI failed to "notify [Plaintiff] of [] a determination and the reasons therefor" in accordance with 5 U.SC. § 552(a)(6)(A)(i).

22.     The FBI failed to inform Plaintiff of the scope of the documents that the FBI will produce, as well as the scope of the documents that the FBI plans to withhold under any FOIA exemptions.

23.     In fact, the FBI has even failed  to state any future intent to produce non-exempt responsive documents.

24.     This is not the first instance in which Plaintiff issued a FOIA request to the FBI and, aside from acknowledgment of receipt and assignment of a control number to  Plaintiff's

FOIA request, received no further response from the FBI unless and until Plaintiff initiated a lawsuit and raised legal challenges regarding the FBI's unlawful practices under FOIA.

25.     On or about July 15, 2016, Plaintiff issued a FOIA request to the FBI seeking information relating to then-Attorney General Lynch's June 27, 2016, meeting with former President Bill Clinton at Sky Harbor International Airport.

26.     On October 21, 2016, almost four months after the ACLJ issued its FOIA request, the FBI informed Plaintiff that "[n]o records responsive to your request were located."

27.     Approximately eight months later, on or about July 3, 2017, and pursuant to a lawsuit filed by Plaintiff against the Department of Justice for identical records, Plaintiff discovered – through documents produced by the DOJ – that the FBI did, in fact, have documents responsive to Plaintiff's July 15, 2019, FOIA Request and that the FBI was surely aware of this fact in light of its own redactions within those documents.

28.     Only after this fact was made widely known to the public by the media and Plaintiff contacted the Office of Government Information Services ("OGIS"), did the FBI, on or about August 10, 2017, reopen the request and admit that records "potentially responsive to your request may exist."

29.     The FBI has since admitted that it became aware as early as May 23, 2017, that it may have documents responsive to Plaintiff's request. Nonetheless, the FBI took no action until Plaintiff challenged its original determination.

30.     The FBI still failed to produce any responsive documents in the time period required by FOIA. Thus, Plaintiff filed suit against the FBI on September 12, 2017, to obtain the documents to which it was entitled.

31.     Following six months after the FBI's knowledge that it had documents responsive to Plaintiff's FOIA request, and only after Plaintiff filed suit, did the FBI produce a mere 29 pages of

non-exempt responsive documents containing heavy redactions under Exemptions 5, 6 and 7 of FOIA. *See* Complaint, *American Center for Law & Justice v. Dep't of Justice,* No. 1:18-cv-0373 (D.D.C. February 19, 2018), ECF No. 1.

32.     Once again, Plaintiff was forced to challenge the FBI's inadequate search, continued delay and improper withholding of non-exempt responsive documents.

33.     Only after Plaintiff presented legal argument challenging the FBI's inadequate search and improper withholding of information, did the FBI – on the eve of its deadline to respond to Plaintiff's cross motion for summary judgment – agree to conduct another search for responsive documents.

34.     Only through Plaintiff's persistent legal efforts to require the FBI's compliance with FOIA did the FBI finally conduct an adequate search and produce additional documents to which Plaintiff was entitled.

35.     The FBI continued, however, to withhold non-exempt information contained within talking points – information admittedly consisting purely of factual information. Plaintiff was forced again to challenge the FBI's unlawful withholding and delay in producing the information in the United States District Court of Appeals of the District of Columbia.

36.     Once again, in June 2016, on the eve of the FBI's deadline to submit its brief and only after months of continued delay by the FBI to first respond with what the FBI represented would be a dispositive motion, then with its opening brief, did the FBI produce the talking points sought by Plaintiff in an effort to moot Plaintiff's case.

37.     On or about September 7, 2017, Plaintiff issued another FOIA request seeking records from the FBI regarding its investigation and decision not to pursue criminal charges against Hillary Rodham Clinton.

38.     Just as  in the current lawsuit, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned case control numbers, but did not produce all documents responsive to Plaintiff's FOIA request in the time period required by FOIA. *See* Complaint, *American Center for Law & Justice v. Dep't of Justice,* No. 1:18-cv-0373 (D.D.C. February 19, 2018), ECF No. 1.

39.     The FBI failed to "notify [Plaintiff] of [] a determination and the reasons therefor" in accordance with 5 U.SC. § 552(a)(6)(A)(i).

40.     The FBI failed to inform Plaintiff of the scope of the documents that it would produce, as well as the scope of the documents that it planned to withhold under any FOIA exemptions.

41.     Only after Plaintiff filed suit to challenge the FBI's non-compliance with FOIA did it begin producing the documents to which Plaintiff was entitled.

42.     Upon information and belief, the FBI is engaged in a pattern and practice of intentional delay and improper withholding of factual information to impair Plaintiff's lawful and timely access to information.

43.     As Plaintiff's prior lawsuits against the FBI demonstrate, the filing of a lawsuit to obtain all requested records is "an empty gesture in preventing future delays, much less obtaining future relief," *Judicial Watch, Inc. v. Department of Homeland Security*, 895 F.3d 770, 782 (D.C. Cir. 2018), because the FBI will moot the litigation and escape judicial review of its compliance with FOIA by complying with the requirements of FOIA in the final hours of the parties' briefing on the matter.

44.     The FBI's practice of prolonged, repeated and unsupported or unexplained delay will continue to harm Plaintiff's mission to inform the public regarding government conduct by unlawfully interfering with its statutory right to promptly obtain non-exempt records upon request.

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

45.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

46.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

47.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the FBI was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

48.     Plaintiff sent its FOIA request to the component of Defendant designated by Defendant to receive FOIA requests directed to the FBI, and the FBI acknowledged receipt of the request by letter dated August 2, 2019.

49.     Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on July 26, 2019. Excluding weekends and holidays, the FBI was required to make its determination and provide Plaintiff with the requisite notifications no later than August 26, 2019.

50.     As of the date of this Complaint, the FBI has failed to notify Plaintiff of any determination about whether it will comply with Plaintiff's FOIA request, including the scope of records the FBI intends to produce, or the scope of records it intends to withhold, the reasons for any such determination.

51.     As of the date of this Complaint, the FBI has failed to produce any records responsive to the request, indicate when (or even whether) any responsive records will be produced, or demonstrate that responsive records are exempt from production.

52.     The FBI has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

53.     The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

54.     The FBI has not asserted the existence of "unusual circumstances." As such, the FBI has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

55.     There are no "unusual circumstances" that justify the FBI's prolonged delay in responding to Plaintiff's lawful FOIA request.

56.     Plaintiff has a statutory right to have the FBI process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

57.     The FBI is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

58.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

59.     Through its continued delay and outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, the FBI has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

60.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because the FBI  failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

61.     Plaintiff is being irreparably harmed by reason of the FBI's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the FBI is compelled to conform its conduct to the requirements of the law.

## COUNT II
### Impermissible Practice, Pattern and Practice, and/or Policy of Violating The Freedom of Information Act

62.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

63.     The FBI has adopted and is engaged in a policy  and practice of violating  FOIA's procedural requirements when processing FOIA requests by intentionally refusing to produce all non-exempt documents in the manner required under 5 U.S.C.§ 552(a)(6) and unless and until Plaintiff files suit.

64.     The FBI's repeated unreasonable delays and intentional refusals to issue a determination and produce all non-exempt documents violates the intent and purpose of the FOIA.

65.     The FBI's repeated and intentional actions have resulted, and will continue to result, in the untimely access to information to which Plaintiff is entitled, and the production of

stale information that is of little value and, yet, more costly than fresh information ought to be. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

66.     The FBI's repeated failures to abide by the terms of FOIA are not attributable to an unpredictable influx in FOIA requests or other reasonable delay.

67.     In this case, just as in the two other FOIA cases Plaintiff has filed against the FBI, Plaintiff's FOIA request went unanswered and the FBI refused to respond in the manner required by FOIA and within the deadline(s) mandated by FOIA until Plaintiff sought legal action.

68.     The FBI's failure to respond in a manner required under FOIA is not an isolated incident. As detailed above, the FBI has, on at least four other occasions, refused to respond in a manner required under FOIA unless and until Plaintiff raises legal challenges to address the FBI's failures to comply with FOIA.

69.     The FBI's impermissible practice, policy, and/or pattern of refusing to issue a determination and/or produce all responsive non-exempt documents unless and until Plaintiff files suit and challenges the FBI's withholding of information, warrants declaratory and injunctive relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see Muttitt v. United States Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

70.     The FBI's pattern or practice of unlawful conduct in violation of FOIA's clear requirements unless and until this Plaintiff files a lawsuit and challenges the FBI's delay and improper withholding of non-exempt information is likely to recur absent intervention by this Court.

71.     The FOIA imposes no limits on courts' equitable powers in enforcing its terms,

and this Court should exercise its equitable powers to compel the FBI to comply with the clear requirements of the FOIA and prevent it from continuing to apply its unlawful FOIA practice or policy.

72.     As the numerous incidences outlined above demonstrate, injunctive relief is warranted here because ordinary remedies are inadequate to overcome the FBI's policy or practice of delay and improper withholding of non-exempt factual information impairing Plaintiff's lawful and timely access to information in the future.

## PRAYER FOR RELIEF

73.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a)     An Order that Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)     An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)     An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)     A declaration that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)     Relief pursuant to this Court's equitable powers, as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), including a Declaration that Defendant has implemented an impermissible p a t t e r n , practice or policy of untimely and noncompliant responses to FOIA requests and an   Order enjoining Defendant from continuing to implement that pattern, practice or policy

(f)    An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(g)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: September 4, 2019.                   Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE
JAY ALAN SEKULOW
   (D.C. Bar No. 496335)
   *COUNSEL OF RECORD*
STUART J. ROTH
   (D.C. Bar No. 475937)
JORDAN SEKULOW
   (D.C. Bar No. 991680)
ABIGAIL A. SOUTHERLAND
   (TN Bar No. 026608)

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY
   (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Plaintiff*